UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

FILED
STRICT COURT
OF MARYLAND

2006 AUG -3  P 2: 14

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, Suite 3000<br>Baltimore, Maryland 21201 | )<br>)<br>)<br>) | T.Y |
| Plaintiff, | ) | PJM 06 CV 2018 |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| KBJN, INC., t/a BURGER KING,<br>21650 Great Mills Road<br>Lexington Park, Maryland 20653 | )<br>)<br>) | COMPLAINT<br><br>JURY TRIAL DEMAND |
| Defendant. | )<br>)<br>) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jane Doe, a minor, who was adversely affected by such practices. The Commission alleges that Ms. Doe was subjected to unwelcome sexual advances, innuendo and other verbal and physical conduct of a sexual nature constituting sexual harassment by a co-worker. This sexual harassment was sufficiently severe and pervasive enough to alter the conditions of Ms. Doe's employment and to create an abusive working environment so intolerable that Ms. Doe was constructively discharged.

## JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C., Section 2000e-5(f)(1).

4. At all relevant times, Defendant, KBJN, Inc. (the "Employer"), has continuously been a Maryland Corporation doing business in the State of Maryland and the town of Lexington Park, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Doe filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2005, Defendant Employer has engaged in unlawful employment practices at its Lexington Park, Maryland facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1). The practices include physical touching, the making of lewd and sexually suggestive comments and other forms of harassment by a co-

worker. This sexual harassment resulted in Ms. Doe being subjected to a hostile working environment, and working conditions so intolerable that she was constructively discharged from her position as a food service worker.

8. The effect of the practices complained of above has been to deprive Ms. Doe of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Jane Doe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court.

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Jane Doe by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Jane Doe, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described

above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Jane Doe, by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, shock, anxiety, humiliation and loss of enjoyment of life in amounts to be determined at trial.

F.   Order Defendant Employer to pay Jane Doe punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. MCNAIR
Regional Attorney

DEBRA M. LAWRENCE
Supervisory Trial Attorney
(Bar No. 04312)

ERICA D. WHITE-DUNSTON
Trial Attorney (Bar No. 28125)

4


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Flr.
Baltimore, MD  21201
Tel: (410) 962-3852

5